**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| WILLIAM ANTHONY HILL, ELIZABETH A. WORTHMAN, and GOLDA BAILEY, On Behalf of Themselves and Others Similarly Situated,<br><br>     Plaintiffs,<br><br> v.<br><br>MERRILL GARDENS LLC,<br><br>     Defendant. | CASE NO.1:04-CV-248 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>     Plaintiff,<br><br> v.<br><br>MERRILL GARDENS LLC,<br><br>     Defendant. | CAUSE NO.1:05-CV-4 |

**OPINION AND ORDER GRANTING FINAL APPROVAL**
**TO CLASS ACTION SETTLEMENT, ENTRY OF FINAL JUDGMENT,**
**AND ENTERING CONSENT DECREE**

  The Final Approval to Class Action Settlement and Entry of Final Judgment is for purposes of the above-referenced action, *Hill v. Merrill Gardens LLC* (the "Hill Action"). The Entry of Consent Decree is for purposes of the above-referenced action, *Equal Employment Opportunity Commission v. Merrill Gardens LLC* (the "EEOC Action").

  Plaintiff William Anthony Hill ("Plaintiff Hill") and Plaintiff Golda Bailey ("Plaintiff Bailey"), on behalf of a Settlement Class (and respective subclasses), and Defendant Merrill Gardens

LLC ("Merrill Gardens") have entered into a settlement agreement (the "Settlement Agreement"). The parties previously submitted the Settlement Agreement in the Hill Action and a proposed Consent Decree to this Court for preliminary approval.  On June 16, 2005, this Court entered an Order Granting Preliminary Approval to Class Action Settlement, Conditional Class Certification, and Proposed Consent Decree ("Preliminary Approval Order").  Counsel for Merrill Gardens has filed a declaration confirming the timely dissemination of notices in the media.  At the hearing on September 9, 2005, counsel for the EEOC verified timely dissemination of the Notices of Class Action, Proposed Settlement, and Hearing ("Class Notice") required by the Preliminary Approval Order.  No exclusion (opt-out) requests were submitted by any Class Member.  Now, the matter having come before the Court for hearing on September 9, 2005, on the parties' request for the entry of an Order Granting Final Approval to the Proposed Class Action Settlement and for entry of Final Judgment in the Hill Action and for entry of an Agreed Consent Decree in the EEOC Action, the Court finds that it has jurisdiction over the parties and the subject matter, and finds as follows:

**A.    Final Order Confirming Class Certification and Approving Notice to Members of the Settlement Class**

*1.    Class Certification*

In the Preliminary Approval Order, this Court granted conditional class certification to the following settlement class and subclasses:

> All African-American and other minorities who: (1) submitted applications for employment at Georgetowne Place, located at 1717 Maplecrest Road, Fort Wayne, Indiana, operated by Merrill Gardens LLC; (2) between February 17, 1998 and April 18, 2005; (3) for vacant positions; (4) and who were denied employment in such vacant position; (5) where the positions were or may have been given to non-minority candidates.

The parties identified and sought preliminary approval of two subclasses:

> The "Known Class":  Caroline Aduro, Samantha Bolden, Jaela Brownlee, Debra Edwards, William Anthony Hill, and Elizebeth Worthman ("Known Class Members"), each of whom participated in the Hill Action and/or the EEOC Action prior to April 18, 2005.
>
> The "Unknown Class":  Class Members, including Golda Bailey, who are not specifically identified as Known Class Members.  These individuals did not actively participate in the Hill Action and/or EEOC Action on or prior to April 18, 2005.  Members of the Unknown Class are identified as "Unknown Class Members."

("Settlement Class.")  The Court preliminarily found and concluded that the Settlement Class satisfied all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3); appointed Plaintiff Hill as Class Representative of the Known Class and Plaintiff Bailey as Class Representative of the Unknown Class; and appointed Plaintiff Hill's counsel, John T. Menzie and/or Shane C. Mulholland of the Burt, Blee, Dixon, Sutton & Bloom law firm, as class counsel for the Settlement Class ("Class Counsel").

This Court recognizes that even with stipulations of the parties, it has a duty to make an independent determination that each requirement of Rule 23 is satisfied.  To this end, this Court has carefully examined the pleadings, record, and evidence before it, and has rigorously analyzed the parties' stipulations and the record relative to class certification.

Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order and the Settlement Agreement, and all the evidence and submissions presented at or in conjunction with the September 9, 2005 hearing, the Court now finds and concludes that the proposed Settlement Class and subclasses satisfy all the requirements of Rule 23(a) and (b)(3), gives final approval to Plaintiff Hill and Plaintiff Bailey as the Representatives of the Settlement Class (and respective subclasses), and confirms appointment of Class Counsel in all respects as a part of this Order under Rule 23(a) and (b)(3) and for the purposes of implementing the Class Action

Settlement provided for in the Settlement Agreement and entering Final Judgment in the Hill Action. Class Counsel have represented and will represent the interests of Known, Unknown, and absent Class Members. The Court further gives final approval to the proposed Consent Decree in the EEOC Action. The only change that the parties propose, and the Court approves, to the tendered Settlement Agreement is that Elizebeth Worthman, who did not timely return a Release, nonetheless be allowed to retain eligibility for receipt of proceeds since she returned an executed Release before entry of this Order. However, the total amount of the compensatory damages (other than wages) pursuant to Section III.B.1.b of the preliminarily approved Settlement Agreement and Section 302 of the final Consent Decree shall be reduced to $14,000. The Court specifically notes that this minor change is fair to all concerned, is consistent with the requirements of Rule 23, and corresponds with the approval given by Elizebeth Worthman and her attorney, John Menzie.

For the reasons set forth above and detailed more fully below, this Court hereby formally declares the prerequisites of Rule 23 to be fully demonstrated and met, rendering class treatment proper.

### 2.  *Findings of Fact and Conclusions of Law*

*a.  Numerosity*

Over 250 positions were filled at Merrill Gardens from February 1998 to April 2005. Since not all applications were retained by the Georgetowne Place facility during this time period, the specific number of applicants is uncertain and cannot be specifically ascertained, but the number of applicants would certainly well exceed at least two to three times the number of positions filled. Further, in response to media notices the EEOC received contacts from more than 80 individuals.

4

Not all of these individuals who contacted the EEOC were determined to be eligible. However, the number of contacts, viewed in conjunction with the number of vacant positions, supports the conclusion that a sufficient number of Class Members exist to render joinder of all parties impracticable and plaintiffs satisfy the numerosity requirement of Rule 23(a)(1).

b. *Commonality*

There are questions of law or fact common to the class so that Plaintiffs satisfy the commonality requirements of Rule 23(a)(2). The class alleges a procedure of declining minority applications. Commonality is met.

c. *Typicality*

The claims of the two named Plaintiffs are sufficiently typical of the claims of the Class to satisfy the typicality requirements of Rule 23(a)(3). Each Plaintiff applied at Georgetowne Place. Plaintiff Hill represents the interests of the Known Class Members. Plaintiff Bailey represents the interests of the Unknown Class Members. No significant conflicts of interest exist between the absent class members and the named representatives to suggest that typicality is lacking. Therefore, typicality is satisfied.

d. *Adequate Representation*

The named Plaintiffs will fairly and adequately protect the interests of the class as required by Rule 23(a)(4). Counsel for plaintiffs will fairly and adequately represent the interests of the class as required by Rule 23(g) and as previously noted by this Court.

e. *Grounds Generally Applicable*

Merrill Gardens allegedly acted on grounds generally applicable to the class in failing to hire certain minority applicants for a period of time. Therefore, final injunctive relief or corresponding relief with respect to the class as a whole, in the event that Plaintiffs would prevail on the merits, would be appropriate.

f. *Predominance and Superiority*

Questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Resolution of these common questions, examples of which are stated above in subsection b, will be a substantial step toward disposition of the case. Therefore, the Rule 23(b)(3) requirement of predominance of common questions is met, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

g. *Manageability*

Concerns regarding manageability of the class are greatly reduced in this action. Class Members have been identifiable through an extensive media campaign. Notices were properly and promptly sent pursuant to this Court's preliminary order. No choice of law issues are presented to the Court, as no party contests that federal law is properly applied to the facts in the action. Therefore, concerns regarding manageability and due process notice are noted by the Court, and are found to be properly addressed by the definition and structure of the present action.

*3.      Notice*

The Preliminary Approval Order approved the form and content of the Notices to be circulated via print media and the radio pursuant to the schedule attached to this Court's Preliminary Approval Order as Exhibit "C" and the text and narrative attached as Exhibit "D" (the "Notices"). The Notices provided sufficient information and were disseminated with sufficient frequency to meet the notice requirements of Federal Rule of Civil Procedure 23(c) and inform members of the Hill Action Settlement Class and EEOC Action Class of the essential terms of the Settlement Agreement and the Consent Decree, appropriate means for obtaining additional information about the Settlement Agreement and Consent Decree, appropriate information about the procedures for becoming eligible for a payment under the Hill Action Settlement and the EEOC Consent Decree, and appropriate information about their rights, and the procedures, to object to the terms of the Settlement Agreement or exclude themselves from the Hill Action Settlement, if they should wish to do so. The Notices also fairly and adequately informed members of the Hill Action Settlement Class that failing to obtain, execute, and return the Release (that was available from the EEOC and which was attached to this Court's Preliminary Approval Order as Exhibit "E") would result in their ineligibility for payment under the Settlement Agreement and proposed Consent Decree.

Based on the foregoing, the Court hereby finds and concludes that members of the Hill Action Settlement Class have been provided the best notice practicable of the Hill Action Settlement and that such notice satisfies all requirements of due process and Rule 23.

*4.      Persons Excluded from the Settlement Class*

No members of the Hill Action Settlement Class requested exclusion from the Hill Action Settlement Class.  As such, all persons meeting the definition of a Class Member (see above) are bound by the release in the Hill Action Settlement.

Several individuals have objected to being excluded from the class in this case.  To put these claims into perspective, some background may be useful.  Because Merrill Gardens did not maintain applicant data or applications from all applicants before approximately April 2004, as part of the resolution of this case the parties agreed to a period to advertise for Unknown Class Members.  When individuals came forward in response to that advertising, the EEOC interviewed them to determine if they met the agreed-upon criteria to be a Class Member in this case, criteria that the Court preliminarily approved in its Order of June 20, 2005.  Among other things, the EEOC questioned the individuals about the Merrill Gardens' facility in Fort Wayne and the application process.  There are other facilities near Georgetowne Place that have commonly been confused with it.  Based on an individual's description of the facility or process, the EEOC was able to gain some insight into whether the individual actually applied at Georgetowne Place.  Merrill Gardens compiled lists of employee hired and provided those lists to the EEOC, which the EEOC used to see if an open position existed at Georgetown Place at any given time for a particular position, and to see if the position was given to another minority.

The Court received written objections from Lawrence T. Brooks, Sr.; Robert Warren Hagler, Jr.; Vickie Hill; Robert L. Guy, Jr.; Marcus E. Mitchell; Elmo R. Portee, Jr.; Tony Lamar Robertson; and Alexis Smith.

Lawrence T. Brooks did not appear at the fairness hearing.  His written objection states that he applied April 15, 2005. The EEOC presented evidence that Mr. Brooks applied for a position as

8

dishwasher and that Merrill Gardens filled that position with an African American on May 9, 2005. Thus, the position for which Mr. Brooks applied was given to a minority, and Mr. Brooks does not meet the criteria to be considered an Unknown Class Member in this case.

Anitera Fowler did not appear at the fairness hearing. In her objection she writes that she applied at Georgetowne Place in 2002. The EEOC presented evidence that Ms. Fowler stated that she applied for a position as receptionist, but that no such position was available in 2002. The EEOC also presented evidence that Ms. Fowler vacillated on the time when she applied, at various times stating that she applied no later than 2000, and after September 2001, and in 2001 or 2002. As a result, the EEOC was unable to determine if there was an open position at the time Ms. Fowler applied. The Court now finds that there was no open position for receptionist at the time Ms. Fowler applied at Merrill Gardens.

Robert Guy testified that he applied for a cook or dishwasher position with Merrill Gardens in June or July 2002 and July or August 2004. He testified that the building was not locked when he applied and that he was allowed to take the applications from the building to fill them out. The EEOC presented evidence that there were no cook or dishwasher positions available in June or July 2002. Further, the EEOC presented evidence that Merrill Gardens hired minorities as cook and dishwashers in July 2004. Finally, the EEOC presented evidence that Merrill Gardens had a uniform policy not to allow applications to be removed from the building and that the facility was protected by a security system, which meant that all persons entering the building had to be buzzed in. The Court now finds that Mr. Guy did not apply for a job with Merrill Gardens and, even if he had applied, there were no cook or dishwasher positions available in June or July 2002, and Merrill Gardens hired minorities as cook and dishwashers in July 2004.

Robert Hagler did not appear at the fairness hearing. His written objection states that he applied for a position as cook. The EEOC presented evidence that Mr. Hagler said that he applied for a position as line cook early in 1999, but no such position was then available at Georgetowne Place. Further, the EEOC presented evidence that Mr. Hagler's description of the facility was inaccurate or incorrect. Specifically, Mr. Hagler stated that he walked right into the building, that he could not see any other rooms while in the lobby, and that he sat in the lobby and filled out the application on his lap because there were no tables. The EEOC presented evidence that the building was protected by a security system, which meant that all persons entering the facility had to be buzzed in, that other rooms were visible from the lobby, and that applicants were escorted to one of two rooms at the facility, either a billiards room or a gathering room, where there were tables on which to fill out the application. The Court now finds that Mr. Hagler did not apply for a position with Merrill Gardens, but even if he did, there were no openings at the time he applied for a job as cook.

Vickie Hill appeared at the fairness hearing in person and by counsel, Edward Smith. She testified that she applied to be a server at Merrill Gardens in the spring of 2001. She testified that the building was not locked when she applied, that there was a sliding glass window at the reception area where she got and returned an application, and that she filled out the application in the dining area near the reception desk. The EEOC presented evidence that the building was protected by a security system, which meant that all persons entering the facility had to be buzzed in, that the reception desk was open and had no sliding window of any sort, and that the dining area was on the third floor. The Court now finds that Ms. Hill failed to furnish competent evidence that would support a finding that Ms. Hill applied for a job with Merrill Gardens. Her objection is therefore

denied.

Marcus Mitchell testified that he applied for a job as dishwasher in April 2005. On May 9, 2005, Merrill Gardens filled that position with an African American. Thus, the position for which Mr. Mitchell applied was given to a minority and Mr. Mitchell does not meet the criteria to be considered a Class Member in this case.

Elmo Portee did not appear at the fairness hearing. His written objection states that he applied at Merrill Gardens in the summer of 2002 for a dietary or housekeeping position. The EEOC presented evidence that no such positions were available in June or July of 2002 and that Mr. Portee stated he got a job by August 2002. Further, the EEOC presented evidence that Mr. Portee claimed he took home an application from Merrill Gardens to fill it out, but Merrill Gardens had a uniform policy not to allow applications to be removed from the building. The Court now finds that Mr. Portee failed to produce competent evidence that supports a finding that Mr. Portee applied for a job with Merrill Gardens. Even if he had applied, however, there were no open dietary or housekeeping positions in June or July 2002. Consequently, Mr. Portee does not meet the criteria to be a Class Member in this case.

Tony Lamar Robertson testified at the fairness hearing that he applied at Merrill Gardens. Among other things, he testified that he applied once in 2003 and perhaps twice in 2004, in November 2004 or later. He stated that he filled out the application in the lobby area, in a chair, perhaps using a clipboard provided by Merrill Gardens. He also stated that the reception area was toward the back of the facility. In contrast, the EEOC presented evidence that Merrill Gardens does not have an application from Mr. Robertson at a time (November 2004 and later) when it appears reasonably certain that Merrill Gardens has retained all applications. Further, the EEOC presented

11

evidence that the uniform policy at Merrill Gardens was to escort applicants to one of two rooms at the facility, either a billiards room or a gathering room, and was not to provide applicants with a clipboard.  In addition, the evidence showed that the reception area at Merrill Gardens was not as has been described by Mr. Robertson.  Accordingly, the Court concludes that Mr. Robertson failed to produce competent evidence sufficient to support a finding that Mr. Robertson applied for a job with Merrill Gardens.

After the fairness hearing, Mr. Robertson tendered to the Court a letter with which he enclosed a business card from Georgetowne Place.  He refers to the business card as "supporting evidence" and states that the receptionist at Georgetowne Place handed the card to him at the time he submitted his application.  Yet, the card does not explain any of the deficiencies in Mr. Robertson's presentation that the Court noted in the preceding paragraph.  Further, Mr. Robertson did not mention at the fairness hearing that he had further evidence or supporting evidence.  Indeed, when the Court asked Mr. Robertson if he had any further evidence to present, Mr. Robertson responded that he did not.  He has not shown any reason here to allow the presentation of further evidence, nor have the parties had an opportunity to cross-examine Mr. Robertson regarding the business card.  For all of these reasons, and the reasons in the preceding paragraph, the Court denies and overrules Mr. Robertson's objection.

Alexis Smith was called to testify at the fairness hearing, but after diligent search was not found to be present at court.  Her written objection alleges that she satisfies the criteria to be a member of the Unknown Class in this case.  The EEOC presented evidence that Ms. Smith stated that she applied for a position in dietary or laundry in September 2004 and that Merrill Gardens does not have an application from Ms. Smith.  It appears reasonably certain that Merrill Gardens has

12

retained all applications from that time period. The Court concludes that Ms. Smith has failed to produce competent evidence that Ms. Smith applied for a job with Merrill Gardens. Therefore, her objection is denied.

The Court also received a written objection from Rodney Woods, but counsel for the EEOC explained during the fairness hearing that the Commission erroneously sent Mr. Woods notice that he would not be in the class, which was corrected after Mr. Woods filed his objection with the Court. Mr. Woods acknowledged receipt of a notice from the EEOC informing him that he would be a member of the Unknown Class in this case, and the Court so finds him to be. Accordingly, there is nothing for the Court to rule on regarding Mr. Woods' objection.

Chakia Robertson claimed that she sent a written objection to the Court and attorneys on September 2, 2005. However, neither the Court nor any of the attorneys received such an objection. Ms. Robertson appeared at the fairness hearing and testified that she applied at Merrill Gardens in the summer of 2001 and around Christmas 2002. Because she did not present a written objection to the Court in a timely manner, she waived her opportunity to object. But even on the merits, Ms. Robertson's objection fails. Ms. Robertson testified that she saw a "Now Hiring" sign on the gate outside Merrill Gardens. She also testified that she applied just before she graduated from high school, which was in May 2002. The EEOC presented evidence that Ms. Robertson told them that she applied in May 2002 for a position in housekeeping, but that there were no open positions in May and June 2002. Further, the EEOC presented testimony that Merrill Gardens hired a minority in January 2003 in the position for which Ms. Robertson was allegedly applying. The EEOC also presented evidence that Merrill Gardens did not at any time hang a "Now Hiring" sign on its gate. The Court now finds that there were no open positions when Ms. Robertson applied in May 2002

and Merrill Gardens hired a minority in the position for which Ms. Robertson applied around Christmas 2002.  Thus, Ms. Robertson does not meet the criteria to be a Class Member in this case. Debra Johnson did not file a written objection with the Court, but she appeared at the fairness hearing and testified that she applied for a housekeeping position at Merrill Gardens sometime between 1995 and 2000.  Because she did not present a written objection to the Court in a timely manner, she waived her opportunity to object.  But even on the merits, Ms. Johnson's claim fails. Ms. Johnson could not identify with any precision when she applied at Merrill Gardens.  As a result, the EEOC was unable to determine if there was an open position at the time Ms. Johnson applied. The EEOC presented evidence that Ms. Johnson stated that she applied once when she worked for Parkview Hospital, perhaps as early as 1995, and Ms. Johnson admitted that she may have applied at Merrill Gardens before February 17, 1998.  Consequently, the Court now finds that Ms. Johnson has not satisfied the criteria to be a Class Member in this case.

Roszetta Clark submitted an objection to class counsel on September 29, 2005, which class counsel has forwarded to the Court.  The Court has reviewed Ms. Clark's objection and the EEOC's Response (also filed September 29th.)  Ms. Clark states that she applied "at Georgetowne" in September 2001.  She says that the receptionist handed her an application, which she filled out in her car. The evidence at the fairness hearing established that Georgetowne Place had a uniformly enforced policy not to allow applications out of the building. Accordingly, the Court concludes that Ms. Clark failed to produce competent evidence sufficient to support a finding that she applied for a job with Merrill Gardens.  Therefore, Ms. Clark's objection is denied.

The Court independently concludes that the EEOC's determinations of Class eligibility by the EEOC are valid.  Class Members are only those who meet the definition of Class Members set

14

forth above. Those who submitted objections do not meet each and every component of that definition. Those listed in the listing filed by the EEOC on September 1, 2005 do meet the definition of Class Members and, since these individuals submitted Releases acceptable to the Court and the parties, are entitled to settlement proceeds.

### C.    Final Approval of the Class Action Settlement

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and clearly fell within the appropriate range of possible approval. In essence, the Hill Action Settlement provides for each member of the Hill Action Settlement Class and EEOC Consent Decree Class who timely submits an executed Release to receive an amount calculated pursuant to the fair and reasonable formula set forth in the attached Settlement Agreement and proposed Consent Decree.

Therefore, taking into account the consideration set forth in the Settlement Agreement, the defenses asserted by Merrill Gardens (particularly defenses of causation, statute of limitations, and qualifications) and the risks of further litigation, the Settlement Agreement is fair, reasonable, and adequate. Moreover, the parties have reached the Settlement after an extended investigation and negotiation process. No objections were submitted regarding the appropriateness of the settlement. Accordingly, having considered the foregoing, the lack of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Merrill Gardens, the damages that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain

15

outcome of continued litigation, and there being no suggestion of improper collusion among the parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement Agreement and enters this Judgment implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Order and Judgment, including the Definitions set forth in the Settlement Agreement. The Court also orders that a fully executed copy of the Settlement Agreement, as approved, be filed with the Court.

### D.  Payments Under the Settlement Agreement

The Preliminary Approval Order anticipated payments by Merrill Gardens of an amount for known class members in the amount of $325,000, and payment of up to $325,000 for class members not known at the time the Settlement Agreement was negotiated.

This Court approved Class Counsel's petition for an award of $100,000 in attorneys' fees and expenses, as negotiated by the parties. Such amount does not come from the amounts negotiated to be paid to known and unknown Class Members.

Now, for the purposes of consummating the administration of the Settlement, the Court orders as follows:

If, after 30 days from the entry by this Court of this Order and Judgment, no notice of appeal of this Judgment or any Order in this case has been filed, so that any right to take an appeal from this Judgment or from any such Order has been waived, or if each such appeal has been finally adjudicated and this Order and Judgment have been upheld in all respects by that final adjudication, Merrill Gardens shall make payments pursuant to the identical formula set forth in the approved

Settlement Agreement and the approved Consent Decree which are attached hereto as Exhibits "A" and "B," with the only modification being the $1,000 reduction for Elizebeth Worthman and the $1,000 additional payment to Class Representative Golda Bailey for her services in relation to the final hearing.

If any notice of an appeal from this Order and Judgment is timely filed by any party, objector, claimant, or other person, the Settlement Agreement and Consent Decree will not be or become final or effective, and no payment pursuant to the Settlement Agreement and/or Consent Decree shall be made to any eligible Class Member or Class Counsel, unless and until each such appeal has been finally adjudicated and this Order and Judgment have been upheld in all respects by that final adjudication; or if modified, accepted in writing, by the Class Representatives, Merrill Gardens, and the EEOC, as appropriate.

### E.     Releases, Covenant Not to Sue, and Effect of Settlement Agreement

#### 1.     *Releases by Settlement Class Members*

In consideration of the terms of the Settlement Agreement, all members of the Hill Action Settlement Class, including Plaintiff Hill and Plaintiff Bailey, who did not opt out of the Hill Action Settlement are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all of the following claims they have or may have against Merrill Gardens and each of its past, present and future parents, subsidiaries, affiliated companies, affiliates, predecessors, successors in interest and assigns, and each of their respective past, present and future officers, directors, employees, attorneys and representatives, or any of them, including any person or entity acting on behalf of or at the direction of any of them ("Released Parties") as set forth in the Release

set forth in the Court's Preliminary Order and as set forth below:

> In exchange for the valuable Consideration, Plaintiff Hill, Plaintiff Bailey, and each Class Member who has not opted out of the Hill Action Settlement release and forever discharge the Released Parties from any and all claims or causes of action—known or unknown—that were or could have been asserted in the Litigation regarding applications or requests for employment (or any alleged failure to hire) from February 17, 1998 to April 18, 2005 at Merrill Gardens.  As part of this Release, Plaintiff Hill, Plaintiff Bailey, and each Class Member who has not opted out of the Hill Action Settlement release, acquit and forever discharge Released Parties from, and shall not now or hereafter institute, maintain or assert against the Released Parties, either directly or indirectly, derivatively, on their own behalf, or on behalf of a class or any other person or entity, any and all causes of action, claims, damages, award, equitable, legal and/or administrative relief, interest, demands, or rights, whether based on federal, state, or local law, statute, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiff Hill, Plaintiff Bailey, or any Class Member who has not opted out of the Hill Action Settlement against the Released Parties or any of them in the Litigation or in any other court action or proceeding before any administrative body, tribunal, arbitration, panel, or other adjudicatory body arising out of or related to, in whole or in part, applications or requests for employment (or any alleged failure to hire) at Merrill Gardens or its Georgetowne Place facility between February 17, 1998 and April 18, 2005.

## 2. *Covenant Not to Sue*

In consideration of the terms of the Settlement Agreement, all members of the Hill Action Settlement Class, including Plaintiff Hill and Plaintiff Bailey, none of whom opted out of the settlement, are hereby found, deemed, and adjudged to have (1) covenanted and agreed that neither Plaintiff Hill, Plaintiff Bailey, nor any of the Hill Action Settlement Class Members, nor anyone authorized to act on behalf of any of them, will hereafter commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement and/or Consent Decree, against the Released Parties, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or injury allegedly caused by the Released Parties, or any of them, in connection with any application of employment at Merrill Gardens from

18

February 17, 1998 to April 18, 2005; (2) waived any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by them or on their behalf, other than as expressly provided for in the Settlement Agreement and/or Consent Decree; and (3) agreed that the Hill Action Settlement Agreement shall be a complete bar to any such action.

### 3.  *Effect of a Final Judicial Determination of Invalidity or Unenforceability*

If, after the entry by this Court of this Judgment, a notice of appeal of this Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Judgment is in any respect invalid, contrary to law, or unenforceable, the Hill Action Settlement Agreement (including Merrill Garden's stipulation to the Hill Action Settlement Class provided for in the Settlement Agreement or to the entry of the Consent Decree in the EEOC Action) shall be null and void, and the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the execution of the Hill Action Settlement Agreement and proposed Consent Decree, unless all Parties agree in writing to abide by the judgment as modified.

### F.  **No Admission of Liability**

Nothing contained in the Preliminary Approval Order, this Order, or the documents referenced therein and herein, shall be construed, deemed, or offered as an admission by any of the Parties for any purpose in any action or proceeding of any kind.

### G.  **Entry of Final Judgment and Consent Decree**

The Court hereby orders the entry of, and enters a Final Judgment of Dismissal With Prejudice in the Hill Action, incorporating the provisions of this Order, including the releases and covenant not to sue, on all claims, counts, and causes of action alleged in this action by Plaintiff Hill and Plaintiff Bailey, on behalf of themselves and the Settlement Class, relating to applications for employment at Georgetowne Place.  The Court contemporaneously enters the Consent Decree in the EEOC Action.  The Court finds that after the Effective Date, pursuant to the Settlement Agreement and Consent Decree, Merrill Gardens shall pay those individuals identified in the Notice of EEOC's Determination of Class Members filed by the EEOC on September 1, 2005.  The Court expressly retains jurisdiction over all matters relating to the administration and consummation of the Settlement Agreement and Consent Decree, including, but not limited to, final disposition of the financial consideration identified in the Settlement Agreement and Consent Decree.

SO ORDERED on October 6, 2005.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT